# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY McCROW, also known as MARY DUNCAN, an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SUPERCUTS, also known as SUPERCUTS CORPORATE SHOPS, INC., and also known as REGIS CORPORATION, and Does 1-100,**<br><br>**Defendants.** | 1:17-cv-00770-LJO-SKO<br><br>**ORDER TO SHOW CAUSE RE: PLAINTIFF'S MOTION TO REMAND**<br><br>**(ECF No. 11)** |

Plaintiff filed a motion to remand this case to state court on July 5, 2017. (ECF No. 11.) Defendant Supercuts opposed the motion on August 1, 2017. (ECF No. 12). Plaintiff filed a reply on August 3, 2017. (ECF No. 13.) Plaintiff represents in her reply brief she will seek leave to amend the complaint to add Laura Saavedra, an individual who resides in Kings County, California, as a defendant in this lawsuit. (ECF No. 13 at 3; Shapazian Decl. ¶¶ 5-6.) If a citizen of California citizen were added as a proper defendant in this case, diversity would be destroyed and the Court would be required to remand the case to state court for lack of subject matter jurisdiction. The Court has reviewed and considered Plaintiff's other grounds for remand and concludes they are not viable, leaving only lack of subject matter jurisdiction as a possible basis for remand. In the interest of judicial efficiency and in light of Plaintiff's representation regarding its intent to amend, Defendant is ordered to show cause in writing **on or before August 29, 2017** why Plaintiff's reply brief should not be construed as a motion

1

for leave to amend to add Ms. Saavedra as a defendant, that motion granted,[1] and this case remanded to state court for lack of subject matter jurisdiction.

In the absence of an indication that such a defendant would be fraudulently joined, the Court would be inclined to grant Plaintiff an opportunity to amend her complaint for the limited purpose of adding such a defendant. Therefore, depending on the outcome of this order to show cause, the Court may afford Plaintiff an opportunity to amend her complaint in federal court. Thereafter, the Court would reevaluate its jurisdiction *sua sponte*.

IT IS SO ORDERED.

Dated: **August 15, 2017**          /s/ Lawrence J. O'Neill
          UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Plaintiff suggests an alternative procedural path, whereby the court would remand to state court prior to the amendment of the complaint. That procedure is not proper where, as here, the basis for diversity jurisdiction is still apparent on the face of the pleadings. *Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (remand was improper where basis for federal court's jurisdiction existed on the face of the complaint).

2