# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY McCROW, also known as MARY DUNCAN, an individual,** | 1:17-cv-00770-LJO-SKO |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO REMAND AND GRANTING LEAVE TO AMEND COMPLAINT** |
| v. | |
| **SUPERCUTS, also known as SUPERCUTS CORPORATE SHOPS, INC., and also known as REGIS CORPORATION, and Does 1-100,** | **(ECF Nos. 11, 13, 18)** |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff Mary McCrow ("Plaintiff" or "McCrow") brought this action against Defendant Supercuts Corporate Shops, Inc. ("Supercuts") and Does 1 through 100. Defendant Supercuts removed the case to federal court. (ECF No. 1.) Plaintiff's moved to remand, explaining that it intended to amend the complaint to substitute Laura Saavedra ("Saavedra"), a citizen of California, as a Doe Defendant. (ECF Nos. 11, 13.) Since Plaintiff is also a citizen of California, the addition of Saavedra as a defendant would destroy complete diversity and deprive this Court of subject matter jurisdiction. In light of Plaintiff's representation, the Court issued an order to show cause why the Court should not grant Plaintiff leave to amend her complaint and, depending on the amended complaint, remand the case to

1

state court.[1] (ECF No. 18.) In its response to the order to show cause, Defendant asserts three arguments in support of its position that the Court should deny Plaintiff's motion for remand and deny Plaintiff leave to amend the complaint. (ECF No. 21.) First, Defendant argues that Saavedra is a sham defendant whose fraudulent joinder would not defeat diversity. Second, and relatedly, Defendant argues that because Plaintiff cannot state a claim against Saavedra, amendment would be futile. Third, Defendant argues that leave to amend should be denied because Plaintiff's dilatory conduct in this case evinces bad faith and has caused undue delay and prejudice.

## II. **BACKGROUND**

Plaintiff's amended complaint alleges ten state law causes of action for disability discrimination, wrongful termination, slander, and blacklisting, among others. (ECF No. 1-3, ("FAC").) Plaintiff alleges in her amended complaint that she is "ignorant of the true names and capacities of defendants sued herein," that she is "informed and believes and thereon alleges, that each of the factiously named defendants is responsible in some manner for the occurrences herein alleged," and that each defendant was "the agent and employee of the defendants and was acting within the course and scope of that relationship." (FAC ¶¶ 3-4.) The Eighth, Ninth, and Tenth Causes of Action in the FAC, alleging slander *per se*, slander, and blacklisting under the California Labor Code, respectively, are brought against "Doe 1." (FAC at 17-19.) In those causes of action, Plaintiffs allege that Doe 1, an employee of Supercuts, made slanderous comments about Plaintiff to her potential employer, a salon named "Perfect Cut" in Visalia, California. (*Id.*) However, the FAC provides no further detail regarding the identities or citizenship of the alleged Doe Defendants, including Doe 1.

In her memorandum in support of her motion to remand, Plaintiff asserted that "once Doe 1 is

---

[1] Plaintiff suggested in her briefs (ECF Nos. 11, 13) that the Court should remand the case to state based solely on her representation that she intended to amend the complaint to substitute a non-diverse named defendant. The Court indicated in its order to show cause that it would be improper to remand where, as here, the basis for diversity jurisdiction is still apparent on the face of the pleadings. *Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985); see also *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (remand was improper where basis for federal court's jurisdiction existed on the face of the complaint).

2

identified, the facts will show that this person is a resident of the State of California." (ECF No. 11 at 3; ECF No. 11-1 (Declaration of Larry Shapazian ¶ 4).) Plaintiff alleged for the first time in her reply brief that she had recently discovered the name of a Doe Defendant who made slanderous statements about her. (ECF No. 13 at 3.) Plaintiff indicated that she would seek leave to amend the complaint to add Laura Saavedra, an individual who resides in Kings County, California, as a defendant.[2] (*Id.*)

### III. DISCUSSION

#### A. Defendant Has Not Met Its Burden of Showing That Saavedra Would Be Fraudulently Joined

Defendant contends that Saavedra cannot be liable for the causes of action alleged against Doe 1 in the FAC—causes of action for slander, slander *per se*, and blacklisting under the California Labor Code § 1050. Therefore, Defendant contends that Saavedra would be fraudulently joined. (ECF No. 21 at 4 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).)

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendant's citizenship. *Id.* A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant, or in other words, when that defendant has been fraudulently joined. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

On a motion to remand, the removing defendant faces a strong presumption against removal, and that party bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A case should be remanded if it appears the case was removed

---

[2] Although Plaintiff does not explicitly identify Saavedra as "Doe 1" in her brief, the Court infers Plaintiff's intent to substitute Saavedra for Doe 1 based on her representation that Saavedra made slanderous statements about her. (ECF No. 13 at 3.) Doe 1 (and only Doe 1) is alleged to have made such slanderous statements in the FAC. (FAC at 17.)

3

improvidently or without jurisdiction. *See* 28 U.S.C. § 1447(c). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus*, 980 F.2d at 566.

Where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that defendant's citizenship is disregarded for diversity jurisdiction purposes. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002) (citations omitted). However, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted). "A defendant is fraudulently joined when [a] 'plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 406 (9th Cir. 2016) (quoting *McCabe,* 811 F.2d at 1339); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citations omitted). In determining whether a non-diverse defendant has been improperly joined, courts may look beyond the pleadings and examine the factual record. *McCabe*, 811 F.2d at 1339. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Defendant first argues that Plaintiff cannot state a claim for slander against Saavedra because the allegedly slanderous statement is protected by "common interest" privilege under California law. California Civil Code § 47(c). Under the statute, privileged communications include those "concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, *made without malice*, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant." California Civil Code § 47(c) (emphasis added). Although the FAC alleges that Doe 1 made a slanderous statement about Plaintiff to Plaintiff's prospective employer "with malice," (Compl. ¶ 10), Defendant suggests that

4

the FAC fails to plead adequate factual support for its contention that the statement was made with malice. Therefore, Defendant asserts, the common interest privilege applies and Plaintiff's slander and blacklisting claims fail.

Essentially, Defendant's position is that Plaintiff fails to state a claim against Doe 1 that would survive a 12(b)(6) motion to dismiss. Therefore, Saavedra (presumably Doe 1) is a sham defendant who would be fraudulently joined. However, Defendant misconstrues the Ninth Circuit standard for fraudulent joinder; whether the allegations against Doe 1 would survive a motion to dismiss as pled is not the relevant inquiry. Under Ninth Circuit precedent, the standard for fraudulent joinder is whether Plaintiff can *possibly* state a claim against the non-diverse defendant she seeks to join, not whether she states a *plausible* claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Hunter*, 582 F.3d at 1046 ("if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court" (quotation marks and citations omitted)); *see also Gomez v. Miranda Hills Rehab.*, No. CV-15-08877-MWF-JEM, 2016 WL 370692, at *4 (C.D. Cal. Jan. 29, 2016) ("After all, the test is not whether the claim would survive a motion to dismiss but whether there is 'any possibility' of stating a claim against the non-diverse defendant." (citations omitted).)

Defendant glosses over this point, arguing that because Plaintiff's allegations about malice are insufficient, the privilege applies and she "has no possible claim against Saavedra for slander, slander *per se*, or blacklisting." (ECF No. 21 at 5.) The Court disagrees. The FAC alleges that Doe 1 (Saavedra) maliciously told Plaintiff's prospective employer that Plaintiff had stolen from Supercuts even though that statement was not true. Setting aside the question of whether that allegation is sufficiently pled, if Saavedra maliciously told Perfect Cuts that Plaintiff stole from Supercuts knowing that statement was false, her statement to them would not be protected by the "common interest" privilege. Therefore, it is *at least* possible that Plaintiff will be able to state a claim against Saavedra. Drawing all inferences in favor of the Plaintiff and bearing in mind the presumption against fraudulent joinder, *Hunter*, 582 F.3d

5

at 1046, the Court concludes that Defendant has not met its burden of showing that Saavedra would be fraudulently joined for purposes of the slander causes of action.

With respect to the blacklisting claim alleged in the Tenth Cause of Action, the Court agrees that Plaintiff cannot state a claim against Saavedra as a matter of law. Section 1050 of the California Labor Code provides that "any person . . . who, after having discharged an employee from the service of such person . . . by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor." The Court takes into account Defendant's representations that Saavedra was not involved in Plaintiff's termination, and that the two had not even worked in the same Supercuts for several years prior to the time that Plaintiff was terminated. (ECF No. 21-1); *see also McCabe*, 811 F.2d at 1339 (courts may consider facts beyond the pleadings in deciding a fraudulent joinder issue). Based on these facts, Saavedra could not have "discharged" Plaintiff, and, therefore, Plaintiff could not state a claim against Saavedra under the statutory elements of California Labor Code § 1050.

Nonetheless, because Defendant has not met its heavy burden of showing that Plaintiff cannot state a claim for slander against Saavedra, the Court cannot conclude that she would be fraudulently joined. *Nasrawi*, 776 F. Supp. 2d at 1170 ("a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge").

Defendant argues that leave to amend must be denied because Plaintiff's claims are futile. The argument that Plaintiff's claims are futile is predicated on the argument that Plaintiff cannot state a claim against Saavedra. Since the Court has rejected that argument as to the Eighth and Ninth Causes of Action, Defendant has not shown that amendment would be futile.

**B.      Leave to Amend Is Appropriate under the Circumstances**

Defendant argues that leave to amend should be denied because Plaintiff has consistently delayed serving Defendant and responding to discovery in a concerted effort to avoid federal jurisdiction. (ECF No. 21 at 12.) According to Defendant, Plaintiff's conduct in this lawsuit evinces

undue delay, bad faith, and dilatory motive. Defendant further contends that it has been prejudiced by Plaintiff's conduct in terms of costs (such as preparing multiple written discovery requests, filing a removal motion, etc.) and in preparation of its legal defenses (Saavedra and Supercuts may face liability for statements that Saavedra allegedly made over two and half years ago, during which time memory is likely to have faded and contemporaneous documents may have been lost). (ECF No. 21 at 12.)

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Federal procedure states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

Plaintiff has been, at best, inattentive in prosecuting this case. Plaintiff first filed suit in January of 2016, but failed to serve the complaint on Supercuts. Indeed, Defendant was not even aware of the existence of this lawsuit until Plaintiff had a copy of the summons and FAC hand delivered to a Supercuts salon almost a year after it was first filed. (ECF No. 12 at 3; ECF No. 12-1, Declaration of Amber Marlatt ¶ 2.) This purported service failed to comply with California's service rules. *See* Cal Code Civ. P. § 416.10. To date, Defendant has not been served properly. On February 8, 2017, Supercuts served Plaintiff with interrogatories, seeking information regarding the amount in controversy. (ECF No. 13-2, Declaration of Selyn Hong ("Hong Decl.") ¶¶ 6-9, Exs. 5-8).) Plaintiff's counsel failed to respond to this discovery for 105 days, citing personal reasons, in spite of the fact that he was actively initiating and litigating other cases. (Hong Decl. ¶ 16, Ex. 14.) Plaintiff finally served her response on May 24, 2017, indicating that she was seeking more than $75,000 in damages. (Hong Decl. at ¶¶ 10-13, Exs. 9-12.) Defendant removed the case shortly thereafter. (ECF No. 1.)

7

Plaintiff also indicated in her May 24 response that she was unaware of any individual who made a defamatory statement about her indicating that "discovery is ongoing." (Hong Decl., Ex. 9, Plaintiff's Responses to Special Interrogatory 6.) Plaintiff was finally able to identify Saavedra as one of the Doe Defendants on August 3, 2017 in her reply brief in support of her motion to remand. (ECF No. 13.) The late timing of this discovery, perhaps conveniently, deprived Defendant of the opportunity to respond to Plaintiff's argument that the addition of Saavedra destroyed diversity in the case. Since filing that brief, Plaintiff has refused to respond to Defendant's discovery requests regarding exactly what statement Saavedra made, when, to whom, and in what context. (ECF No. 21 at 3.)

Although the Court is sympathetic to Defendant's frustration, the Court will allow Plaintiff to amend her complaint to substitute Saavedra as a named defendant. Construing Rule 15(c) liberally, and taking into account Plaintiff's counsel's representation, as an officer of the court, that he only recently discovered the name of the Doe Defendant, the Court finds it appropriate to allow amendment for that limited purpose. Plaintiff's counsel is advised that further delay or obfuscation will not be tolerated. The Court shares Defendant's skepticism about the convenient eleventh-hour discovery of Doe 1's name, and admonishes Plaintiff's counsel to consider carefully his ethical obligations (and serious risks for not meeting them), and his obligations under Rule 11 of the Federal Rules of Civil Procedure, in filing an amended pleading.

### IV. CONCLUSION AND ORDER

For the reasons stated above, the Court GRANTS Plaintiff an opportunity to amend her FAC for the limited purpose of adding Saavedra as a defendant. Plaintiff shall have 20 days to file an amended complaint in this action.

IT IS SO ORDERED.

Dated: **September 6, 2017**        /s/ Lawrence J. O'Neill
                    UNITED STATES CHIEF DISTRICT JUDGE